Mr. Justice Thacher
delivered the following opinion.
The 'majority of the court are of the opinion that an acknowledgment of a deed taken by a deputy clerk of a court of record, is not a sufficient acknowledgment of a deed. I am at *53 present not willing to yield my assent to this proposition. The statute says it shall be lawful to make proof or acknowledgment of deeds of conveyance before any clerk of any court of record in this state. How. & Hutch. 368, sep. 99. Other statutes authorize such clerks to appoint deputies who “shall have full power and authority to do and perform all the several acts and duties enjoined upon their principals.” How. & Hutch. 471, sec, 15, 484, sec. 16, 508, sec. 15, 535, sec. 14, et passim, of clerks. Under the comprehensive terms in which the power of deputy clerks is clothed, it is difficult to conceive of any act or duty that may be performed by the principal clerk which cannot be performed by the deputy. In law, their acts are one and the same. A distinction, however, is assumed, that the taking of acknowledgments is not an official act, but that the principal clerk is a special commissioner appointed by statute for that purpose. A special commissioner is a particular person appointed by competent authority to perform a particular act. The statute referred to does not appoint any particular person, but makes the act lawful if performed by certain officers, and it is only by virtue of holding such offices that the act can be performed by their incumbents. Strip the incumbent of his office of clerk, and he cannot perform the act; clothe him with the office, and he can perform it. Hence it is clear that the act pertains to the officer, and not to the person who may chance to hold the office.
It is true that the terms of the statute, namely, that it shall be lawful to make proofs and acknowledgments before clerks, are apparently permissive and enabling; but the enabling act is for the benefit of the public, and not a personal privilege granted to the clerk. When such statutes are passed, for the ends of justice or public convenience, they are always obligatory upon the officer, and the act made lawful for him to perform is as much enjoined upon him as if the words of the statute had been peremptory and commanding. In Dwarris on Statutes, 712, the following views upon this subject are expressed : “Words of permission shall in certain cases be obligatory. Where a statute directs the doing of a thing for the sake *54 of justice, the word may means the same as the word shall. The stat. 23, H. 6, c. 10, says, the sheriff, &c., may take bail; but the construction has been, that he shall be bound to bail. So, if a statute says, that a thing may be done which is for the public benefit, it shall be construed that it must be done. Exception was taken to an indictment, (upon the stat. 14, C. 2, c. 12,) against churchwardens and overseers, for not having made a rate to reimburse a constable ; and it was urged, that the statute only puts it in their power, by the word may, to make such, a rate, but does not require the doing of it as a duty, for the omission of which they are punishable. The exception was not allowed; and the court held that an indictment lies against them, if they refuse it.” See, also, McEwin v. The State, 3 S. & M. 120, in connection with How. & Hutch. 294, sec. 13; Rex v. Flockwold Inclosure, 2 Chit. 251; Comyn’s Dig. 5, tit. Parliament, R. 21; 7 Bac. Abridg. tit. Statute, I. 7.
The doctrine deduced from Bond v. Ward, 7 Mass. 123, and Gorham v. Gale, 6 Cowen, (note a,) 467, cited by the court, that a sheriff is not bound for such acts of his deputy as the principal himself is not authorized by law to perform, is not disputed. But I can perceive no analogy between such a case and the one at bar. Here the principal clerk is authorized by law to take acknowledgments of deeds; and the deputy is authorized by law to do and perform all acts and duties enjoined upon his principal. If it be not an “ official duty” it certainly is an “ act” which the principal clerk is bound to perform when required, and the dejmty being for all lawful purposes the clerk himself, it follows that he may perform such “ act.”